REBECCA D. TAKACS, SBN 304015
takacs@oles.com
LIAM K. MALONE, SBN 288202
malone@oles.com
OLES MORRISON RINKER & BAKER, LLP
492 Ninth Street, Suite 220
Oakland, California 94607
Telephone: (510) 903-2001
Facsimile: (510) 903-2015

*Attorneys for Use-Plaintiff and Plaintiff,*
*The New IEM, LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, for the use and benefit of THE NEW IEM, LLC and THE NEW IEM, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>TRI-TECHNIC, INC., a California corporation, and ARGONAUT INSURANCE COMPANY, an Illinois corporation,<br><br>Defendants. | **Case No.: 20-cv-01505-VC**<br><br>PLAINTIFF'S RESPONSE TO THE COURT'S JUNE 23, 2020 REQUEST FOR RESPONSE RESPECTING DISMISSAL INSTEAD OF STAY |

Plaintiff the New IEM, LLC ("IEM"), respectfuly submits this response per the Court's request dated June 23, 2020.

THE NEW IEM, LLC'S RESPONSE TO JUDGE CHHABRIA'S JUNE 23, 2020 REQUEST FOR
RESPONSE REGARDING DISMISSAL INSTEAD OF STAY

1    **I.    IEM WILL BE PREJUDICED IF THE CASE IS DISMISSED BECAUSE OF**
2    **THE STRICT LIMITATIONS PERIOD FOR MILLER ACT BOND PAYMENT**
     **CLAIMS.**

3        A lawsuit under the Miller Act "must be brought no later than one year after the day on

4    which the last of the labor was performed or material was supplied by the person bringing the

5    action." 40 U.S.C. § 3133(b)(4).

6        Pendency of arbitration proceedings will not toll the running of the limitations period

7    under the Miller Act.  *U.S. ex rel. Walter Toebe Const. Co. v. Guarantee Co. of N. Am.*, 66

8    F.Supp.3d 925, 930-931 (E.D. Mich. 2014).

9        *U.S., for & on behalf of Portland Const. Co. v. Weiss Pollution Control Corp.*, 532 F.2d

10   1009 (5th Cir. 1976) ("*Weiss*") is instructive.  *Weiss* involved a payment dispute between a

11   subcontractor and general contractor on a federal construction project in Tampa Bay.  When the

12   dispute could not be resolved, the subcontractor, Portland Const. Co. ("Portland")

13   simultaneously demanded arbitration per the subcontract and filed a Miller Act bond claim

14   agains the general contractor and the surety, Argonaut Insurance Company.

15       Argonaut and Weiss Pollution Control Corp. moved the district court for an order

16   dismissing the Miller Act bond claim.  Portland opposed the motion to dismiss, but consented to

17   a stay of the Miller Act bond claim pending the outcome of the arbitration.  The district court

18   granted the defendants' motion to dismiss.  The Fifth Circuit reversed.

19                 Portland should not be required to await the outcome of the
                   arbitration proceedings before instituting its suit under the Miller
20                 Act. A Miller Act suit must be filed within one year after the date
                   on which materials or labor were last supplied pursuant to the
21                 contract. A demand for arbitration does not toll the statute of
                   limitations. *United States for the use of Wrecking Corp. of America*
22                 *v. Edward R. Marden Corp.*, 406 F.2d 525 (1st Cir. 1969).
                   Consequently, if Portland must wait until arbitration is completed
23                 before commencing its Miller Act suit and if as was the case here
                   arbitration proceeds for more than one year, Portland's Miller Act
24                 claim would be barred by the statute of limitations.

25   *Id*. at 1012-1013.  The same reasoning applies here.

26

**THE NEW IEM, LLC'S RESPONSE TO JUDGE CHHABRIA'S JUNE 23, 2020 REQUEST FOR**
**RESPONSE REGARDING DISMISSAL INSTEAD OF STAY**

Should the Court grant Defendants' motion to compel arbitration as to all parties and all claims, and dismiss the action without prejudice, The New IEM, LLC ("IEM") would be in the same position that Portland would have been had the district court's order not been reversed.

Assuming the Court grants the Defendants' motion to compel arbitration, as Defendants concede, the arbitrator will decide the issue of arbitrability of the claims.  Doc. 20, 4:23-5:16. The arbitrator may decide that IEM's Miller Act claim is not subject to arbitration, as the Fifth Circuit did in *Weiss*.  That decision on arbitrability may not occur until IEM's Miller Act claim is time barred under 40 U.S.C. § 3133(b)(4).  Further, the arbitrator could render a decision affecting Argonaut Insurance Company's right to participate in the arbitration, or by some other procedural outcome, Argonaut Insurance Company may cease to be a party to the arbitration.

"The purpose of the Miller Act is to protect those whose labor and materials go into public construction projects and to insure that they will be paid." *Weiss*, *supra*, at 1013. Explaining the rationale for the Miller Act (and its predecessor the Heard Act) in more detail, the court in *United States v. Daniel, Urbahn, Seelye & Fuller*, 357 F. Supp. 853 (N.D. Ill. 1973), stated:

> The predecessor of the Miller Act was the Heard Act. Act of Aug. 13, 1894, ch. 280, 28 Stat. 278. The reason for passage of the Heard Act was that many contractors constructing public buildings for the government were insolvent when entering into the contracts or at the completion of the work and because mechanics' and materialmen's liens were not provided for on public buildings, persons furnishing labor or material to the contractors were left without a remedy. The practice prior to the Act had been for the government to require contractors to post a bond for the protection of the United States and the law was passed to give those furnishing material and labor the right to sue on the bond. H.R.Rpt. No. 97, 53d Cong., 1st Sess. 1 (1893). Contractors were obligated to "promptly make payments" to those supplying material and labor and if they did not the latter were authorized to bring suit "in the name of the United States for his or their use and benefit.
>
> The Heard Act was amended in order to specify the procedure to be followed by those furnishing labor or materials to contractors (hereinafter referred to as subcontractors). Act of Feb. 24, 1905, ch. 778, 33 Stat. 811. They were given the right to "intervene and

· 3 ·

THE NEW IEM, LLC'S RESPONSE TO JUDGE CHHABRIA'S JUNE 23, 2020 REQUEST FOR
RESPONSE REGARDING DISMISSAL INSTEAD OF STAY

be made a party" in an action instituted by the government, though the government's interest had a priority over theirs. If the government instituted no action, six months after the "completion and final settlement" of the contract with the government, subcontractors could bring suit against the contractor. The suit had to be commenced within one year after such completion; thus subcontractors had a six month period in which they could sue. The Heard Act was repealed by the Miller Act. 40 U.S.C. § 270a et seq., Act of Aug. 24, 1935, ch. 642, 49 Stat. 793. As previously noted, under the Heard Act subcontractors had to wait until six months after completion of all construction before they could sue, which on lengthy projects was often long after they had supplied labor and material. It was the "resultant hardships" caused by this delay that the Miller Act sought to prevent. H.R.Rpt. No. 1263, 74th Cong. 1st Sess. 1 (1935). One of the hardships was that subcontractors were often forced to accept compromises of their claims:

"[I]t appears that claimants frequently find themselves under the necessity of choosing whether they will wait for years for their money or accept compromises which, if they do not involve greater loss, at least destroy the profitableness of the contract. Those in financial stringency, of course, have no choice but the latter alternative." H.R.Rpt. No. 1263, 74th Cong., 1st Sess. 2 (1935).

Also, bad faith on the part of contractors, already noted as one of the reasons for passage of the Heard Act, was still a problem. Senator Walsh stated, "the investigations conducted by the subcommittee of the Committee on Education and Labor showed a deplorable condition with reference to the way employees on public buildings were defrauded and cheated of their wages, and any measure that will tend to strengthen their rights and help them to secure their compensation is justified."
79 Cong.Rec. 13383 (1935).

(*Id*. at 858-859.)

Dismissing the action without prejudice will operate contrary to the very purpose of the Miller Act, to the prejudice of IEM. Dismissal will subject IEM to having its Miller Act claim time barred. IEM will lose the protection the Miller Act was enacted to afford it as a subcontractor on a federal public works project- the prejudice is evident. Not only will dismissal prejudice IEM due to its Miller Act claim becoming time barred, dismissing the action will eliminate the incentive parties have to include arbitration agreements in contracts for public

works, lest their Miller Act claims be dismissed pending the arbitration, and then subsequently time barred.

      For the foregoing reasons, IEM requests that if the Court is inclined to grant Defendants' motion to compel arbitration, that it order the case stayed pending the outcome of arbitration.


Dated:  June 24, 2020                  OLES MORRISON RINKER & BAKER LLP


                         By:  */s/ Liam K. Malone*
                             Liam K. Malone
                             Rebecca D. Takacs
                             Attorneys for Use-Plaintiff and
                             Plaintiff, The New IEM, LLC

**THE NEW IEM, LLC'S RESPONSE TO JUDGE CHHABRIA'S JUNE 23, 2020 REQUEST FOR RESPONSE REGARDING DISMISSAL INSTEAD OF STAY**

**PROOF OF SERVICE**

I declare that I am employed in the County of Alameda, State of California.  I am over the age of eighteen years and not a party to the within entitled cause. My business address is 492 Ninth Street, Suite 220, Oakland, California 94607

On June 24, 2020, I served the foregoing document described as:

**NOTICE**

Eugene Ashley
Hoge Fenton Jones & Appel, Inc.
60 South Market street, Suite 1400
San Jose, CA 95113-2396

*Attorneys for Defendants Tri-Technic, Inc. and Argonaut Insurance Company*

☒Via USDC CM-ECF system
☐Via U.S. Mail
☐Via Messenger
☐Via Email:
eugene.ashley@hogefenton.com

I declare that I am employed in a law firm of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed June 24, 2020 in Oakland, California.

*Kathryn Shahin*
Kathryn Shahin

4836-8603-4625, v. 2

THE NEW IEM, LLC'S RESPONSE TO JUDGE CHHABRIA'S JUNE 23, 2020 REQUEST FOR RESPONSE REGARDING DISMISSAL INSTEAD OF STAY